Jason Barnes
2706 Benton Street
Santa Clara, CA 95051
Phone 408 987 1041

Plaintiff In Pro Per

FILED

OCT 1 6 2017

United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ~~JASON BARNES,~~ JB Creditor<br><br>V.<br><br>ANTHONY NGUYEN, individually and as owner of CALIFORNIA CROISSANT BAKEHOUSE AND CAFE, LLC;<br>Debtor. | ) CASE NO. 17-51644 MEH<br>)<br>) **CREDITOR JASON BARNES' NOTICE OF**<br>) **MOTION AND MOTION TO EXTEND THE**<br>) **DEADLINES TO OBJECT TO**<br>) **BANKRUPTCY DISCHARGE OF DEBT**<br>)<br>) **AND TO FILE AN ADVERSE ACTION;**<br>) **POINTS AND AUTHORTIES; JASON**<br>) **BARNES' DECLARATION**<br>)<br>) **FRBP RULES 4004 & 4007**<br>)<br>) **DATE: TBD**<br>) **TIME: TBD**<br>) **DEPT: Judge Hammond**<br>)<br>)<br>)<br>) |

## TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

On October 16, 2017, Creditor Jason Barnes moves the court to allow the deadlines to object to the discharge of Debtor's debt and the deadline to file an Adversary Action be continued for 21 days. This Motion will be based on FRBP Rules 4004 and 4007, and the fact that Debtor Nguyen has yet to appear for a properly noticed Rule 2004 exam and has yet to produce documents I have requested prior examination. Debtor Nguyen, through his attorney Vu, has agreed to show up for the exam, has agreed to produce documents prior to the exam and has done neither.

The Motion will be based on this Notice, the accompanying Points and Authorities, my accompanying Declaration and the Docket and pleadings filed thus far in this case.

## POINTS AND AUTHORITIES

On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired. (Federal Rules of Bankruptcy Procedure [FRBP] Rules 4004, 4007.) A Creditor demonstrates "cause" justifying an extension of the discharge/dischargeability objection deadline where, at the time it filed its motion for extension of time to object to discharge/dischargeability, creditor had not yet obtained the prefiling discovery, via Rule 2004 examination, necessary to a fairly considered determination of whether to commence an adversary proceeding, principally because of debtor's change of counsel, debtor's counsel's non-responsiveness, and attendant disputes between attorneys. (In re McCormack, Bkrtcy.D.Conn.2000, 244 B.R. 203.) Where referee found that delay in obtaining facts for filing of objections to discharge of bankrupt was attributable to bankrupt and not to trustee, who secured several extensions of time to file his objections and specifications but inadvertently let last date pass, and repeated postponements of hearing, obtained by bankrupt and his attorney, undoubtedly contributed to this failure, referee properly exercised his discretion in granting extension of time for filing objections. (In re Meckler, D.C.Md.1957, 156 F.Supp. 20.)

# JASON BARNES' DECLARATION

I, Jason Barnes, Declare as follows:

I am over the age of 18, a Creditor in the above-captioned action, and can and will testify truthfully in a Court of law based on personal knowledge to the facts as set forth below.

I am a listed Creditor in the above-captioned action.

Debtor Nguyen has admitted in his chapter 7 petition to owing me money on two notes that total $135,000.

Debtor Nguyen testified in the 341 meeting that the money he borrowed from me was used for a business startup called California Croissant Bakehouse and Cafe LLC.

Debtor Nguyen testified that his business partner embezzled approx $50,000 that he paid for his portion of the rent owed from April of 2015 to October of 2015.

Debtor Nguyen testified that the landlord terminated the lease and locked the tenants out of the business which was cause for another $50,000 in tenant improvements to be lost.

Debtor Nguyen testified that he was able to remove the $50,000 in equipment he had purchased for the business but that was stolen (along with the trailer it was being stored in) from the parking lot of the warehouse for which Mr. Nguyen was the leaseholder.

I requested in my 2004 examination motion that Mr. Nguyen provide a copy of the partnership agreement he signed with his partner Viktoria Le.

I requested in the 2004 motion that Mr. Nguyen provide proof of the rent payments he made to Viktoria Le.

I requested that Mr. Nguyen show proof of any purchase that were made for the business he opened that were greater than $1000.

Mr. Nguyen did not provide any of those documents prior to the scheduled 2004 examination date and I have been getting the runaround from his attorney, Michael Vu since the exam was discussed at the first meeting of the creditors held on August 31, 2017.

The verbal agreement that was made wasn't good enough which prompted the 2004 exam subpoena to be filled out by me and even with the Bankruptcy Court clerk's signature and stamp that wasn't good enough for Mr. Vu.

The debtor's attorney insisted that I follow the proper procedure for the 2004 examination and if done properly, his client would comply with the order. .

I believe that I have followed the proper 2004 procedure to the best of my knowledge and ability in good faith and it is the debtor and his counsel that have been undermining my attempts to seek the truth.

The debtor failed to produce any of that which has made it difficult for me to file the objection to discharge since many of the facts I wanted to expose have been and still are concealed by the debtor. The debtor's attorney did not object to the examination and in fact affirmed that he would comply if the correct procedure was followed.

Filing the motion to authorize the subpoena was the correct procedure and the Court affirmed that by issuing the order.

08/31/17 - The rescheduled 341 meeting is held and debtor Anthony Nguyen was questioned by the trustee and creditor Barnes. During the questioning debtor Nguyen disclosed he had been out of the country for the last six months vacationing with his girlfriend in Mexico.

From 9/1/17 to 9/29/17 there were a total of 24 emails sent back and forth between creditor Barnes and attorney Vu related to the 2004 examination of Anthony Nguyen.

The court order was posted electronically on October 2, 2017.
On October 5, 2017, creditor Barnes emailed attorney Vu asking that he confirm that he would be sending the requested documents prior to the meeting and also to confirm that Mr. Vu and his client would be appearing at that the examination scheduled for October 11, 2017.

Attorney Vu did not respond to that email until October 12, 2017 and there were no documents produced prior to the examination date which caused creditor Barnes to cancel the reservation that he had made for recording the examination stenographically

Based on the above I request that the Court to stay the objection to discharge date and order that within 21 days Debtor Nguyen produce the documents that were requested and appear to be examined.

I would also request that I be given another 21 days from the date Debtor Nguyen produces the documents to file the objection to discharge of this debt.

I declare under penalty of perjury of the State of California and the United States that the foregoing is true and correct, except as to matters stated upon information and belief and as to the latter I believe them to be true based on information I currently have.

Dated October 16, 2016 in Santa Clara, CA      _____
                                                Creditor Jason Barnes