Jason Barnes
2706 Benton Street
Santa Clara, CA 95051
Phone 408 987 1041

Plaintiff In Pro Per

ORIGINAL

**FILED**

JAN 1 6 2018

United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY NGUYEN, Debtor )
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 17-51644 MEH

**CREDITOR JASON BARNES' NOTICE OF MOTION AND MOTION TO EXTEND THE DEADLINES TO OBJECT TO BANKRUPTCY DISCHARGE OF DEBT AND TO FILE AN ADVERSE ACTION; POINTS AND AUTHORTIES; JASON BARNES' DECLARATION**

**FRBP RULES 4004 & 4007**

**DATE: FEBRUARY 15, 2018**
**TIME: 10:30am**
**DEPT: Judge Hammond**

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

On January 16, 2018, Creditor Jason Barnes moves the court to allow the deadlines to object to the discharge of Debtor's debt and the deadline to file an Adversary Action be continued for 60 days. This Motion will be based on FRBP Rules 4004 and 4007, and the fact that Debtor Nguyen did not appear for a properly noticed Rule 2004 exam until last Friday January 12, 2018 and the debtor has failed to produce any of the requested documents. Debtor Nguyen had stated in the August 31, 2017 creditor meeting that he was in possession of documents related to a business partnership entered into in 2015. It has taken over three months to get the debtor to appear and unfortunately he has yet to provide any documents to support his claim that $280,000 was lost when the business startup venture failed.

The Motion will be based on this Notice, the accompanying Points and Authorities, my accompanying Declaration and the Docket and pleadings filed thus far in this case.

**POINTS AND AUTHORITIES**

On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired. (Federal Rules of Bankruptcy Procedure [FRBP] Rules 4004, 4007.) A Creditor demonstrates "cause" justifying an extension of the discharge/dischargeability objection deadline where, at the time it filed its motion for extension of time to object to discharge/dischargeability, creditor had not yet obtained the prefiling discovery, via Rule 2004 examination, necessary to a fairly considered determination of whether to commence an adversary proceeding, principally because of debtor's change of counsel, debtor's counsel's non-responsiveness, and attendant disputes between attorneys. (In re McCormack, Bkrtcy.D.Conn.2000, 244 B.R. 203.) Where referee found that delay in obtaining facts for filing of objections to discharge of bankrupt was attributable to bankrupt and not to trustee, who secured several extensions of time to file his objections and specifications but inadvertently let last date pass, and repeated postponements of hearing, obtained by bankrupt and his attorney, undoubtedly contributed to this failure, referee properly exercised his discretion in granting extension of time for filing objections. (In re Meckler, D.C.Md.1957, 156 F.Supp. 20.)

## •JASON BARNES' DECLARATION

I, Jason Barnes, Declare as follows:

I am over the age of 18, a Creditor in the above-captioned action, and can and will testify truthfully in a Court of law based on personal knowledge to the facts as set forth below.

I am a listed Creditor in the above-captioned action.

Debtor Nguyen has admitted in his chapter 7 petition to owing me money on two notes that total $135,000.

Debtor Nguyen testified in the 341 meeting that the money he borrowed from me was used for a business startup called California Croissant Bakehouse and Cafe LLC.

Debtor Nguyen testified that his business partner embezzled approx $50,000 that he paid for his portion of the rent owed from April of 2015 to October of 2015.

Debtor Nguyen testified that the landlord terminated the lease and locked the tenants out of the business which was cause for another $50,000 in tenant improvements to be lost.

Debtor Nguyen testified that he was able to remove the $50,000 in equipment he had purchased for the business but that was stolen (along with the trailer it was being stored in) from the parking lot of the warehouse for which Mr. Nguyen was the leaseholder.

I requested in my 2004 examination motion that Mr. Nguyen provide a copy of the partnership agreement he signed with his partner Viktoria Le. Debtor Nguyen testified in the 341 meeting that he had a signed copy of the partnership agreement in his possession, however in the 2004 examination, debtor Nguyen stated that all of the business documents he had were in a safe on the premises that were leased for the business and when he was locked out of the business, his partner or the owner of the property removed all of the documentation and did not return them to debtor Nguyen.

I requested in the 2004 motion that Mr. Nguyen provide proof of the rent payments he made to Viktoria Le. Debtor Nguyen stated in the 2004 examination that he paid for everything with cash which is hard to believe since debtor Nguyen stated that approx $280,000 was spent.

I requested that Mr. Nguyen show proof of any purchase that were made for the business he opened that were greater than $1000. Again, the debtor was unable to verify the purchases of approx $67,000 of equipment for the business.

Mr. Nguyen did not provide any of those documents prior to the scheduled 2004 examination which has made it difficult for me to file the objection to discharge since many of the facts I wanted to expose have been and still are concealed by the debtor.

The debtor did not comply with either of the dates that were ordered for the first and second requests for the 2004 exam and left me with only a few days to prepare a complaint.

I would like to request that I be given another 60 days to file the objection to discharge of this debt.

I declare under penalty of perjury of the State of California and the United States that the foregoing is true and correct, except as to matters stated upon information and belief and as to the latter I believe them to be true based on information I currently have.

Dated January 16, 2018 in Santa Clara, CA     _____
                                                                              Creditor Jason Barnes