**ORIGINAL**

1. Your name: JASON BARNES
2. Address: 2706 BENTON STREET
3. SANTA CLARA, CA 95051
4. Phone Number: (408)987-1041
5. Fax Number: none
6. E-mail Address: jebarnes50@gmail.com
7. Pro Se *Plaintiff*

**FILED**
JUN 25 2018
CLERK
United States Bankruptcy Court
San Jose, California

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

*San Jose*

| | |
|---|---|
| JASON BARNES | Case Number: 17-51644 MEH |
| | Adversary No. 18-05013 |
| Plaintiff(s), | |
| vs. | *Title of Document:* |
| ANTHONY NGUYEN | NOTICE OF RELATED CASES AND REQUEST FOR COURT TO ORDER UNITED STATES TRUSTEE TO REVIEW THE ACTS AND CONDUCT OF THE RELATED DEBTORS |
| Defendant(s). | |

The following cases have a relationship with one another which has not been satisfactorily explained by the debtors in their bankruptcy petitions.

Case # 16-50042   Chapter 13 debtor Viktoria Le   filed 01/06/16

Case # 17- 51644   Chapter 7 debtor   Anthony Nguyen  filed 07/10/17

Case # 17- 52896  Chapter 7  debtor   Jamie Macias-Nguyen  filed  11/30/17

Case # 18-05013  Adversary proceeding  vs defendant Anthony Nguyen  filed 3/15/18

Case # 18-05019 Adversary proceeding vs defendant Jamie Macias-Nguyen filed 4/23/18


727 of the chapter 7 bankruptcy code states that:

On request of a party in interest, the court may order the trustee to examine the acts and conduct of the debtor to determine whether a ground exists for denial of discharge.


I filed a civil complaint against debtors Jamie Macias- Nguyen and Anthony Nguyen in March of 2015.


Debtor Nguyen is listed as a creditor in the chapter 13 petition filed by Viktoria Thao Le on January 6, 2016.


In mid and late 2016, when I found out about debtor Le's chapter 13 filing and I contacted the Chapter 13 trustee's office with evidence I believed showed fraud by the debtor by under reported income and false statements in her petition


I received a letter from the chapter 13 private trustee in response to my mailings stating that she would request additional information from the debtor but since I was not named in the petition, I would not have access to that information.


I am listed as a creditor in the chapter 7 petition filed by debtor Anthony Nguyen .


TITLE OF DOCUMENT: NOTICE OF RELATED CASES         CASE NO.: 18-05019
PAGE NO. 2 OF 7    [JDC TEMPLATE]

1. I informed the chapter 7 private trustee about the business connection between Viktoria Le and Anthony Nguyen via email and suggested that there were signs of fraud when the two debtors petitions were compared side by side.

5. Debtor Nguyen testified at the 341 meeting that he and Viktoria Le were equal partners in a business venture called California Croissant Bakehouse & Café.

8. Debtor Viktoria Le claims an interest in California Croissant Bakehouse & Café but shows the business was owned by a Corporation called Boulevard Viet Inc.

11. Debtor Macias-Nguyen does not list California Croissant Bakehouse & Café in her chapter 7 petition but claims that business as a sole proprietor on the 2015 tax return that was amended and re-filed on September 6, 2017.

15. Debtors Jamie Macias-Nguyen and Anthony Nguyen filed tax returns in 2014, 2015 and 2016 as married filing jointly.

18. Jamie Macias and Anthony Nguyen reported business income losses that totaled $270,087 in calendar years 2014 through 2016.

21. Of those business loses, S-Corp California Croissant Inc. accounted for $159,627 of that total.

24. Neither Jamie Macias or Anthony Nguyen disclose in their separate chapter 7 petitions a business interest in California Croissant Inc.

TITLE OF DOCUMENT: NOTICE OF RELATED CASES     CASE NO.: 18-05019

PAGE NO. 3 OF 7     [JDC TEMPLATE]

Debtor Jamie Macias-Nguyen does not disclose in her bankruptcy petition that in 2015, she was an officer of two corporations, Plumbing Tech Sewer & Repipe Inc. and California Croissant Inc.

Anthony Nguyen does not disclose in his bankruptcy petition that he was the CEO and Director of California Croissant Inc. or that he was a Director in Plumbing Tech Sewer & Repipe Inc.

Anthony Nguyen testified at the 341 meeting that he received a royalty from the sale of his plumbing business in 2014 and 2015 and that he reported that income on the tax filings for those two years.

The three year comparison for tax years 2014, 2015 and 2016 included in the 2016 tax return shows no royalty income was reported by Anthony Nguyen or Jamie Macias-Nguyen.

Jamie Macias and Anthony Nguyen received tax refunds in calendar years 2014 through 2016 that totaled $72,145.

Debtor Le filed an application in August of 2015 to transfer the ABC license she was issued by the State of California for restaurant Nem Boulevard to the new business California Croissant Bakehouse & Café.

The ABC license transfer process requires personal and corporate financial statements to be filed by the applicant and by any other person that holds an interest in the business.

Debtor Viktoria Le does not show in her bankruptcy petition that she filed financial statements with the California State Alcohol and Beverage Control or that she was the owner of that license.

TITLE OF DOCUMENT: NOTICE OF RELATED CASES        CASE NO.: 18-05019
PAGE NO. 4 OF 7    [JDC TEMPLATE]

Viktoria Le does not disclose that she was the CEO, CFO and Secretary of Boulevard Viet Inc.

The chapter 13 trustee filed a motion in December of 2017 asking the court to approve a modification to Viktoria Le's payment plan due to tax refunds received by in 2015 and 2016 totaling $27,000 due to business net operating losses.

Viktoria Le shows no business income for 2015 from operating Nem Boulevard even though that business operated for the first four months of 2015.

Viktoria Le shows that her involvement with California Croissant Bakehouse & Café began in May of 2015 and concluded in August of 2015.

Summary

I brought evidence that I had collected in discovery on Viktoria Le to the chapter 13 trustee.

I brought evidence that I had collected in discovery on Anthony Nguyen to the chapter 7 trustee.

I notified the chapter 7 trustee of the bankruptcy filed by Jamie Macias-Nguyen and he claimed a conflict of interest existed because he was administering the estate of Anthony Nguyen and asked to be replaced in the Macias-Nguyen case.

I made the connection between Viktoria Le and Anthony Nguyen to the Chapter 13 trustee and suggested fraud was involved.

I made the connection between Viktoria Le, Anthony Nguyen and Jamie Macias to the chapter 7 trustee and suggested fraud was involved.

TITLE OF DOCUMENT: NOTICE OF RELATED CASES      CASE NO.: 18-05019
PAGE NO. 5 OF 7     [JDC TEMPLATE]

The trustee requested a copy of the divorce decree from debtor Nguyen and debtor Nguyen produced that document.

In that document debtor Nguyen promises to pay debtor Macias $1000 per month starting on April 1, 2015.

That would suggest that debtor Macias has received nearly $40,000 from defendant Nguyen over that time period however the debtors filed joint tax returns as a married couple in living apart 2014, 2015 and 2016.

Defendant Nguyen should have listed debtor Macias as a creditor in the chapter 7 petition that he filed in July of 2017.

The trustee should have contacted debtor Macias-Nguyen to tell her that Anthony Nguyen has filed for bankruptcy and that she could file a claim for any unpaid child support. Or as the Trustee calls it Domestic Support Obligation.

The trustee asked debtor Nguyen in the 341 meeting if all of the creditors were listed in the petition and Nguyen responded by saying "yes".

That is a false statement because his ex-wife is a creditor by way of a dissolution of marriage settlement agreement that was signed by debtor Nguyen.

The kind of fraud (if any) that is involved with these debtors is up to the US Trustee and the US Attorney to determine.

TITLE OF DOCUMENT: NOTICE OF RELATED CASES     CASE NO.: 18-05019
PAGE NO. 6 OF 7    [JDC TEMPLATE]

1. The trustee's office is in better position than I to determine why the petitions filed by these
2. "related" debtor's conflict with one another.

4. My suggestion and request would be for the court to put a hold on the two adversary cases and
5. issue an order for the US Trustee to examine these cases as related matters and if needed
6. request any additional information from the debtors or myself that would assist the trustee in
7. making a decision whether grounds exist for a discharge of one or all of these cases.

9. In order for the Trustee to formulate an informed decision, I would need to provide ALL of the
10. available information and I am prepared to do so.

*Jan B[signature]*
*6/25/18*

TITLE OF DOCUMENT: NOTICE OF RELATED CASES     CASE NO.: 18-05019
PAGE NO. 7 OF 7     [JDC TEMPLATE]